United States District Court
Southern District of Texas
**ENTERED**
December 11, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND LEE CAVITT, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-4142 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

State inmate Raymond Lee Cavitt filed this *pro se* habeas petition under 28 U.S.C. § 2254, challenging his 2013 conviction for sexual assault of a child.

Public federal court records show that petitioner unsuccessfully challenged this conviction in 2016 in *Cavitt v. Davis*, C.A. No. H-16-3137 (S.D. Tex.). Thus, the instant habeas petition constitutes a second or successive federal habeas petition. Before a second or successive habeas application may be filed in district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner does not state, and public records for the Fifth Circuit Court of Appeals do not show, that petitioner obtained authorization to file this petition. To the contrary, petitioner's motion for authorization to file a successive habeas petition remains pending before the Fifth Circuit. *In re: Raymond Lee Cavitt*, No. 20-20600 (5th Cir.).

The petition is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION** as an unauthorized successive habeas petition. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 11th day of December, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE